**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5129-16T3

ANNE RAYMOND,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
UROLOGY GROUP OF
PRINCETON, PA,

     Respondents.

_____

Submitted January 30, 2019 – Decided  February 15, 2019

Before Judges Koblitz and Currier.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 107,106.

James Valentin, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Shaffer, Assistant Attorney General, of counsel; Daniel Pierre, Deputy Attorney General, on the brief).

Respondent Urology Group of Princeton, PA, has not filed a brief.

PER CURIAM

Claimant Anne Raymond appeals from the March 30, 2017 decision of the Board of Review (Board) finding her insubordination rose "to the level of simple misconduct connected with the work," and rendered her disqualified for benefits from November 6 through December 31, 2016. See N.J.S.A. 43:21-5(b). We affirm.

Claimant was disqualified due to misconduct connected to her work. Raymond appealed and the Appeal Tribunal reversed, finding that she used profanity toward her employer after receiving a warning about her conduct, but that this was a "normal reaction" and did not go beyond the "ordinary reactions of a reasonable person." The employer, Urology Group of Princeton, PA, appealed and the matter was remanded because no audible record was available. A second hearing took place before the Appeal Tribunal.

The facts as found by the Appeal Tribunal are not in serious dispute. Claimant worked for Urology Group as a "desk receptionist" from October 2012 until her termination for insubordination in November 2016. That November day, claimant's supervisor brought claimant into a room and gave her a written warning for poor time management and "gossiping and making comments about

2

working for the devil." Claimant said her employers were all "motherfuckers" and repeated the statement after being told that cursing would be grounds for termination. Although claimant later sent a message by text apologizing for her comments, she did not remember cursing when she testified before the Tribunal. She said she just remembered crying because she was upset.

Our review of administrative agency decisions is limited. We will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

N.J.S.A. 43:21-5 disqualifies a claimant from unemployment benefits

> (b) For the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week, as determined in each case.
>
> "Misconduct" means conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect, including reasonable safety standards and reasonable standards for a workplace free of drug and substance abuse.

The Administrative Code further defines insubordination:

a) An individual shall be considered to have been discharged for an act of simple misconduct where it is established that he or she has committed an act of "simple misconduct" and met one of the following:

1. Refused without good cause to comply with instructions from the employer, which were lawful, reasonable, and did not require the individual to perform services beyond the scope of his or her customary job duties;

2. Acted beyond the expressed or implied authority granted to the individual by the employer; or

3. Violated a reasonable rule of the employer which the individual knew or should have known was in effect.

[N.J.A.C. 12:17-10.5.]

The Tribunal stated: "This Tribunal does not believe that the use of profanity is insubordination." The Tribunal found it did not "go beyond the ordinary reactions of a reasonable person."

The Board disagreed, determining that misconduct encompassed the use of profanity after being told to stop or risk termination. The Board found the "use of profanity directed at the employer [that] continued after the employer advised her that her language was inappropriate and grounds for termination" disqualified claimant from unemployment benefits. In the current environment where cursing is prevalent, we might make a different assessment, but we do not reverse. See In re N.J. Dept. of Envtl. Prot. Conditional Highlands Applicability

Determination, 433 N.J. Super. 223, 235 (App. Div. 2013) ("If the Appellate Division is satisfied after its review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then it must affirm even if the court feels that it would have reached a different result itself." (quoting Campbell v. N.J. Racing Comm'n, 169 N.J. 579, 587 (2001))).

The Board's decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION